# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. GARRETT,<br><br>                Plaintiff,<br>vs.<br><br>ANDRES RUIZ, et al.,<br><br>                Defendants. | CASE NO. 11-CV-2540 - IEG (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>[Doc. No. 64] |

Before the Court is Plaintiff's counsel's motion to withdraw as attorneys of record. [Doc. No. 64.] For the reasons below, withdrawal is **GRANTED**.

## BACKGROUND

This is a §1983 case arising out of a police shooting. On the night of July 14, 2011, Defendant Officers Andres Ruiz and Brandon Jordan responded to a burglary in progress at medical and dentist offices in the Bankers' Hill/Hillcrest neighborhood of San Diego. Inside, the officers encountered Plaintiff William Allen Garrett, who advanced with a large knife. Officer Ruiz fired his gun three times hitting Plaintiff once in the neck and once in the wrist. Plaintiff was treated at Scripps Mercy Hospital, where, on July 18, 2011, he was interviewed regarding the shooting by Defendant Detective Brett Burkett. During the interview, Plaintiff admitted to the burglary and stated that he was despondent over his life and forced the confrontation with the officers intending to be shot. Eventually, on March 5, 2012, Plaintiff was convicted of burglary with use of a deadly weapon and receiving stolen property.

On November 1, 2011, Plaintiff filed a form §1983 complaint, alleging that the shooting constituted excessive force in violation of his civil rights and naming the responding officers, Ruiz and Jordan, the interviewing detective, Burkett, and the City of San Diego (erroneously named in the complaint as "San Diego Police Department"). Leave to proceed *in forma pauperis* was granted, the complaint was served, defendants answered, and discovery commenced on January 26, 2012. Over the following months, Plaintiff filed no less than ten substantive motions, including, *inter alia*, repeated motions to compel, to appoint counsel, and for reconsideration of orders issued by Magistrate Judge William Gallo.

On July 25, 2012, Plaintiff filed a motion to substitute attorneys Jonathan B. Jordan and Daniel A. Vespi, as Plaintiff's counsel of record, which the Court granted on July 26, 2012. On August 6, 2012, Judge Gallo entered the Third Amended Scheduling Order, which set a mandatory settlement conference for October 17, 2012, a deadline for dispositive motions of December 21, 2012, and a PreTrial Conference for April 22, 2013. On December 3, 2012, Plaintiff Garret filed a "motion to discipline attorney and object to attorney withdrawal," which was rejected on discrepancy.

On December 6, 2012, Plaintiff's counsel filed the present motion to withdraw based on "a severe breakdown in the attorney-client relationship, particularly the plaintiff's inability to follow the provisions of the retainer agreement, such that our further representation of Mr. Garrett on this matter would run afoul of our personal and professional beliefs, duties, and responsibilities." Plaintiff's counsel declare that their "motion is partially based on monetary grounds, but also comes as a result of client's actions and our belief that continued representation may result in violation of the Professional Rules of Conduct or of the State Bar Act." But Plaintiff's counsel refused to provide any specifics, stating that "[i]n order to comply with attorney-client confidentiality,[Plaintiff's counsel] refrain from divulging information regarding the conflict." Plaintiff's counsel declare that Plaintiff was served with notice of this motion and their intention to withdraw as attorneys of record.

On December 18, 2012, Defendants filed a motion for summary judgment, which is currently set for hearing on March 18, 2013. Also on December 18, 2012, the Court ordered Plaintiff's counsel to "file a declaration *in camera* no later than January 4, 2013, identifying the specific circumstances and grounds which they contend warrant withdrawal." The Court's order also warned Plaintiff's

1 counsel that "all dates and deadlines . . . remain unchanged and in effect."

2 On December 19, 2012, Plaintiff filed a motion for reconsideration of the Court's denial of appointment of counsel, which Judge Gallo denied without prejudice pending resolution of the present motion to withdraw. On January 4, 2013, Plaintiff's counsel submitted their *in camera* declaration via email, attesting that Plaintiff's counsel were retained "strictly to settle th[e] case and nothing beyond that," and that they "informed Mr. Garrett that [they] would be unable to effectively represent him at trial due to monetary reasons." On January 14, 2013, the Court heard oral argument on the motion.

## **DISCUSSION**

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (internal quotation marks and citations omitted); *see also* Southern District of California Local Rule 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Technology, LLC*, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). The local rules of this district incorporate "the standards of professional conduct required by members of the State bar of California," which in turn allow withdrawal where a client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." *See* Southern District of California Local Rule 83.4.

Here, Plaintiff's counsel seek withdrawal primarily because they were retained solely for settlement purposes and the case has not reached, and does not appear amenable to, settlement. Taking into account Plaintiff's counsel's motion and declarations, the parties' oral argument, as well as the record and procedural posture of the case, the Court finds that the balance of factors weighs in favor of withdrawal. The scope of counsel's retainer agreement can provide a valid ground for withdrawal. *See, e.g., Canandaigua Wine Co. v. Edwin Moldauer*, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009); Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f). Though counsel's withdrawal

will leave Plaintiff to proceed *pro se*, Plaintiff's record of active motion practice before retaining counsel demonstrates his capacity to prosecute the case independently. Defendants do not oppose withdrawal. No impact on the administration of justice is apparent, nor will any delay be caused by withdrawal; under the current schedule, Plaintiff will still have nearly two months (until March 4, 2013) to prepare his opposition to summary judgment. Thus, withdrawal appears warranted.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** withdrawal. Plaintiff's counsel shall provide the entire case file to Plaintiff within one week of the date of this order.

**IT IS SO ORDERED.**

DATED:     January 14, 2013

**IRMA E. GONZALEZ**
**United States District Judge**