UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANDREAS RUIZ, *et al.*<br><br>　　　　　Defendants. | Civil No.  11-CV-2540-IEG (WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR INSPECTION AND PRODUCTION OF DOCUMENTS<br><br>[DOC. NO. 81] |

　　　Pending before the Court is Plaintiff's Motion for Order for Inspection and Production of Documents. (Doc. No. 81.) For the reasons stated below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

　　　On May 22, 2012, Plaintiff filed a Motion to Compel Discovery, requesting that Defendants produce a copy of Plaintiff's jury trial transcript, and a copy of a DVD that contains photographs and audio recordings. (Doc. No. 42 at 4-5.) On June 12, 2012, Defendants filed a Response in Opposition to Plaintiff's Motion, arguing that the meet and confer requirement was not satisfied prior to filing the Motion, and that Plaintiff's discovery request was moot. (Doc. No. 49.) On July 3, 2012, this Court denied Plaintiff's Motion to Compel on the grounds that the Motion was premature due to the parties' failure to meet and confer. (Doc. No. 50 at 1-2.) The Court also determined Plaintiff's Motion to be moot

because Defendants had already provided, or attempted to provide, the requested discovery. Id. at 2.

On July 13, 2012, Plaintiff filed another Motion to Compel, again requesting that Defendants produce his jury trial transcript, along with additional information related to medical care after the incident. (Doc. No. 53 at 1-2.) On July 30, 2012, the Court denied Plaintiff's Motion, finding that no new facts were asserted and that the parties once again failed to meet and confer. (Doc. No. 56 at 4.)

On February 19, 2013, Plaintiff filed the instant Motion, which is essentially a Motion for Reconsideration, and was filed nearly six months after the close of fact discovery. (Doc. No. 57 at 2.) Despite numerous admonishments by this Court to meet and confer in good faith prior to filing a Motion to Compel, Plaintiff filed the instant Motion without making any effort to meet and confer with Defendants. (Doc. No. 85 at 2.)

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Southern District of California Civil Local Rule 7.1(i)(1) provides that when a Motion "is made for the same relief in whole or in part upon the same or any alleged different state of facts," the moving party must present the Court with an affidavit of a party or witness or certified statement of an attorney which sets forth the material facts and circumstances surrounding each prior application. CivLR 7.1(i)(1). The motion for reconsideration must also include the "new or different facts and circumstances [which] are claimed to exist which did not exist, or were not shown, upon such prior application." Id.

### B. Meet and Confer Requirement

Civil Local Rule 26.1(a) requires the moving party to arrange a meet and confer before the Court will entertain a discovery motion. CivLR 26.1(a). Federal Rule of Civil Procedure 37 provides that a motion to compel disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure." Fed. R. Civ. P. 37(a)(1). The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of

disputes can be resolved by means of that process. This Court's Chambers Rules require counsel to "<u>thoroughly</u> meet and confer," and "make every effort in good faith to resolve all disputes without the necessity of court intervention." (Judge Gallo's Chambers Rule IV.)

### III. DISCUSSION

#### A. Motion for Reconsideration

Plaintiff now asserts the same argument as in his prior Motions to Compel, requesting that the Court compel production of the entire jury trial transcript. (Doc. No. 42 at 4; Doc. No. 53 at 1.) In his May 22, 2012, Motion, Plaintiff argued that Defendants have an unfair advantage because they were able to produce a "prejudicial portion of the trial proceeding while leaving out exculpatory evidence of the same issue in that proceeding." (Doc. No. 42 at 4.) In his July 13, 2012, Motion, Plaintiff argued that statements of witnesses that were omitted from the transcript produced by Defendants, show Defendants' liability. (Doc. No. 53 at 1.) Plaintiff now asserts the same basic argument for compelling production of the jury trial transcript, claiming that Defendants have refused to produce the transcript and other discovery items, thereby prejudicing Plaintiff's efforts to prosecute his case. (Doc. No. 81 at 1.) Plaintiff provides no new reasons or facts to support his most recent request.

Further, Plaintiff requested internal affairs information in a Pitchess Motion filed on February 23, 2012, which was denied without prejudice by the Court on April 18, 2012, due to failure to address the meet and confer requirement and failure to propound discovery requests upon Defendants. (Doc. Nos. 21, 39.) Again, Plaintiff provides no new reasons or facts to support his most recent request.

#### B. Meet and Confer Requirement

In three previous Orders, this Court has informed Plaintiff of the requirement to meet and confer prior to filing a motion to compel discovery. (<u>See</u> Doc. Nos. 39, 50, 56.) On April 18, 2012, in an Order Denying Plaintiff's Pitchess Motion and Motion to Compel a Pitchess Motion, the Court thoroughly explained the meet and confer requirement of Federal Rule of Civil Procedure 37(a)(1), Civil Local Rule 26.1(a), and this Court's Chambers Rule IV. <u>Id.</u> at 1.

On July 3, 2012, and July 30, 2012, the Court again stressed the importance of the meet and confer requirement prior to filing a Motion to Compel. (Doc. No. 50 at 2.) However, despite the Court's repeated reminders that parties must adhere to the meet and confer requirement, Plaintiff's instant Motion fails to address such meet and confer efforts. As Defendants note in their Response to the instant Motion, "Plaintiff did not contact [Defendants] prior to the filing of this motion or attempt in any way to informally resolve this dispute." (Doc. No. 85 at 2.)

### C. Plaintiff's Motion is Untimely

On August 6, 2012, this Court issued a Third Amended Scheduling Order, which stated that all fact discovery must be completed on or before August 27, 2012. (Doc. No. 57 at 2.) The Court further explained that,

> "*Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

Id.

Plaintiff's instant Motion comes before the Court nearly six months after the expiration of fact discovery. Plaintiff's Motion is untimely.

### D. Plaintiff's Motion is Moot

In this Court's July 3, 2012, Order Denying Plaintiff's Motion to Compel Discovery and Motion for Order to Show Cause, it explained that Plaintiff had already received all of the portions of his jury trial transcript within Defendants' possession. Id. at 2. In their Response to the instant Motion, Defendants once again explain that Defendant City of San Diego (erroneously named as San Diego Police Department), "voluntarily provided Plaintiff with the portions of the criminal trial transcripts it had in its possession while fact discovery was still open." (Doc. No. 85 at 4.)

In his Motion, Plaintiff also requests an Order from the Court requiring Defendants to produce police reports, field interviews generated at the crime scene, and documents concerning the employment history, criminal history, and internal affairs investigations of the individual Defendants. (Doc. No. 81 at 5.) In response, Defendants argue that they have produced, "[a]ll applicable police reports, photographs, and audio sought by Plaintiff..." (Doc. No. 85 at 4.)

Therefore, the majority of Plaintiff's requests are moot.

## IV. RULING

The Court hereby denies Plaintiff's instant Motion on the basis that no new or different facts and circumstances are claimed to exist which did not exist, or were not shown, in Plaintiff's previous Motions to Compel. Additionally, the Court will not consider a Motion to Compel filed by either party unless the moving party demonstrates that they have participated in a good faith meet and confer session. Further, the time to request discovery has long since expired, and Defendants have already provided Plaintiff with most of the documents and information that he now seeks.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Order for Inspection and Production of Documents is DENIED.

IT IS SO ORDERED.

DATED: March 7, 2013

Hon. William V. Gallo
U.S. Magistrate Judge