UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREAS RUIZ, *et al.*<br><br>　　　　　　　Defendants. | Civil No.  11-CV-2540-IEG (WVG)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER TO COMPEL PHYSICAL ACCESS TO LAW LIBRARY<br><br>[DOC. NO. 84] |

Pending before the Court is Plaintiff's *Ex Parte* Application for Order to Compel Physical Access to the Law Library. (Doc. No. 84.) For the reasons stated below, Plaintiff's Motion is DENIED.

## I. BACKGROUND

On February 28, 2013, Plaintiff filed an *Ex Parte* Application for Order to Compel Physical Access to the Law Library. (Doc. No. 84.) Plaintiff complains that he is currently housed in a reception center that is "not in compliance with the access to the law library." Id. at 1. In support of his *Ex Parte* Application, Plaintiff simply states that he does not have the California Civil Jury Instructions, and he has extreme difficulty obtaining copies of his motions for Defendants. Id. On March 11, 2013, Defendants filed a Statement of Non-Opposition to Plaintiff's *Ex Parte* Application. (Doc. No. 89.)

While housed at George Bailey Detention Facility, Plaintiff filed two motions noting that he did not have access to a law library or legal materials. (Doc. Nos. 19, 34.) On February 17, 2012, Plaintiff requested that the Court provide access to a law library with federal cases, rules, and citations. (Doc. No. 19 at 2.) In an Order issued on February 27, 2012, this Court denied Plaintiff's request for access to the law library, noting that the San Diego County Sheriff's Department is not a party to this case and the Court cannot compel the Sheriff to provide law library access. (Doc. No. 22 at 2.)

On April 9, 2012, Plaintiff filed another Motion with the Court, noting that he had no library access other than the Legal Research Associates ("LRA") program, which only assisted inmates with research related to criminal law and conditions of confinement. (Doc. No. 34 at 3.) On May 22, 2012, this Court ordered Defendants to provide briefing about the legal assistance that Plaintiff had access to through the LRA program, as he was not involved in criminal proceedings or challenging the conditions of his confinement. (Doc. No. 43 at 2.) In response, Defense counsel stated in a Declaration that, "[c]ircumstances show that access for an inmate housed in a San Diego County jail is limited," but that it was, "likely that [Plaintiff] will be sentenced [to] state prison." (Doc. No. 48 at 2.)

On November 5, 2012, Plaintiff filed a Notice of Change of Address, informing the Court that he had relocated to Chino Institute for Men. (Doc. No. 60.)

## II. LEGAL STANDARD

The United States Supreme Court held in Bounds v. Smith, "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The Bounds Court also stated, "As this Court has constantly emphasized, habeas corpus and civil rights actions are of fundamental importance…in our constitutional scheme because they directly protect our most valued rights." Bounds, 430 U.S. at 827.

In Bounds, the Court articulated that the "main concern" regarding the right of access to the courts was "protecting the ability of an inmate to prepare a petition or complaint."

Bounds, 430 U.S. at 828 n. 17.  The Ninth Circuit reinforced that reasoning in Cornett v. Donovan when it stated that, "the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."  Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

In Lewis v. Casey, the United States Supreme Court determined that a prisoner claiming that a prison law library is inadequate, or that official action somehow blocked his access to the court, must allege "actual injury."  Lewis v. Casey, 518 U.S. 343, 348 (1996). The Lewis Court noted that Bounds did not establish a right to a law library or legal assistance, but rather, Bounds acknowledged the right of access to the courts. Id. at 350. The Lewis Court stated, "[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistant program is subpar in some theoretical sense."  Lewis, 518 U.S. at 351.

## III. DISCUSSION AND RULING

While Plaintiff claims that he needs physical access to the law library, it is unclear to what extent, if any, access has been limited because the allegations in Plaintiff's instant Motion are extremely vague.  (Doc. No. 84 at 1-2.)  It is not clear from Plaintiff's Motion whether he has no access to the law library, limited access, or he does have access but is without a copy of the California Civil Jury Instructions and the ability to photocopy his motions for Defendants.

Plaintiff has gained access to the Court by successfully filing his Complaint against Defendants and has actively prosecuted his case.  Throughout this litigation, Plaintiff has filed numerous motions and *ex parte* applications, including a Pitchess Motion, a Motion for Investigative and Expert Funds, Motions to Appoint Counsel, and Motions to Compel Discovery.  (Doc. Nos. 14, 21, 23, 31, 34, 68.)  As recently as February 13, 2013, Plaintiff filed a Response in Opposition to Defendants' Motion for Summary Judgment.  (Doc. No. 78.)  In the Response, Plaintiff included a Table of Authorities, listing cases and citations. Id. at 5.  As the Honorable Irma E. Gonzalez, United States District Judge, recently noted,

"Plaintiff's record of active motion practice before retaining counsel demonstrates his capacity to prosecute the case independently." (Doc. No. 73 at 4.)

Despite Defendants' non-objection to Plaintiffs' Motion, the Court cannot grant Plaintiff's request, as the Chino Institute for Men is not a party to this case. Thus, the Court does not have jurisdiction to compel the Institute to do, or refrain from doing, what Plaintiff seeks. As this Court has previously explained in this case, Defendants are city police officers and a city police agency, none of whom have any say over Plaintiff's access to a law library while in the custody of the Chino Institute for Men. (Doc. No. 22 at 2.)

If Plaintiff believes that he is not being provided with law library access in accordance with the law, he is free to pursue his rights in a separate action. However, it does appear that Plaintiff's main concern, as set forth in the instant Motion, is that he is unable to photocopy his motions for Defendants. The Court therefore will relieve Plaintiff of the burden of making photocopies of documents that he mails to the Court to be filed. Plaintiff need only to send a copy of any motions to the Court for filing, and Defendants can retrieve a copy from the electronic docket. However, for all documents that are not to be filed, Plaintiff is still required to send the documents directly to Defendants, as they will not be able to retrieve unfiled documents from the docket.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's *Ex Parte* Application for Order to Compel Physical Access to the Law Library is DENIED.

IT IS SO ORDERED.

DATED: March 19, 2013

Hon. William V. Gallo
U.S. Magistrate Judge