UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT, CDCR #AM-6925,<br><br>                    Plaintiff,<br><br>vs.<br><br>ANDRES RUIZ; BRANDON JORDAN; BRETT H. BURKETT; SAN DIEGO POLICE DEPARTMENT,<br><br>                    Defendants. | Civil No.    11cv2540 IEG (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED.R.CIV.P. 59(e) AND S.D. CAL. CIVLR 7.1(i)(1)**<br><br>**[ECF Doc. No. 111]** |

On April 15, 2013, Plaintiff filed a document entitled "Objection to Magistrate Ruling Dismissing Plaintiff's Claim and Request for Reconsideration" [ECF Doc. No. 111], which the Court now construes as a Motion to Alter or Amend the Judgment pursuant to FED.R.CIV.P. 59(e) and/or for reconsideration of that judgment pursuant to S.D. CAL. CIVLR 7.1(i).

**I.    Procedural History**

On April 3, 2013, the Court granted Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56(c), and directed the Clerk to enter a judgment in favor of Defendants [ECF Doc. Nos. 97, 98]. Specifically, the Court found that while Plaintiff's claims of excessive force against Defendants Ruiz and Jordan were not barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994)'s "favorable termination" rule, *see* April 3, 2013 Order [ECF Doc. No. 97] at 11, Ruiz and Jordan were nevertheless entitled to summary judgment as to those claims because "no triable issues of fact exist[ed in the record] to support Plaintiff's claims that [their] use of force under the totality of the circumstances presented to them was anything other than objectively reasonable." *Id.* at 20 (citations omitted). The Court further found Defendant Burkett was entitled to summary judgment as to Plaintiff's Fifth and Fourteenth Amendment claims, *id.* at 13, and that the City of San Diego (which Plaintiff erroneously sued as the "San Diego Police Department") was likewise entitled to judgment as a matter of law because the record before the Court failed to show that any constitutional violation occurred. *Id.* at 22.

On April 15, 2013, Plaintiff filed both a Notice of Appeal to the Ninth Circuit Court of Appeals, as well as this Motion for Reconsideration [ECF Doc. Nos. 107, 111].[1]

**II.    Plaintiff's Motion**

Plaintiff now asks this Court to reconsider its April 3, 2013 judgment claiming, as he did on several occasions prior to summary judgment, that Defendants "failed to produce documents" he sought both before and after he was represented by counsel throughout the course of discovery, and that these documents would have shown genuine issues of material fact necessitating trial. *See* Pl.'s Mot. at 2-4.

/ / /

/ / /

/ / /

---

[1] A Notice of Appeal filed before disposition of a Rule 59 motion does not divest the district court of jurisdiction to consider the motion. *See* FED.R.APP.P. 4(a)(4); *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) (per curiam); *Trinidad Corp. v. Maru*, 781 F.2d 1360, 1361-62 (9th Cir. 1986). Indeed, a timely-filed Rule 59(e) motion is a "proper vehicle for seeking reconsideration of a summary judgment ruling." *Tripati*, 845 F.2d at 206. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(e). In this case, judgment was entered on April 3, 2013, and Plaintiff's Motion was received by the Court on April 15, 2013, but his proof of service indicates he submitted for delivery via the prison mailroom at Salinas Valley State Prison on April 10, 2013. Therefore, under the prison "mailbox rule," Plaintiff's Motion is considered filed as of that date. *See* Pl.'s Mot. [ECF Doc. No. 111] at 6; *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (notice of appeal filed by a pro se prisoner is deemed to be "filed" when it is delivered to prison authorities for forwarding to the district court); *Smith v. Evans*, 853 F.2d 155, 161-62 (3d Cir. 1988) (*Houston*'s mailbox rule applies to Rule 59(e) motions).

Specifically, Plaintiff again refers to "*Pitchess*" motions[2] regarding Officer Ruiz which were denied by the magistrate judge before he secured counsel, *id.* at 4; trial transcripts of the testimony of two doctors and a criminologist who testified during his criminal trial, *id.*, and other unspecified "documents" which would have shown the City "kn[ew] or should have known that Officer Ruiz had sadistic, malicious tendencies," which he claims were not produced in response to his attorney's attempts to discover them. *See* Pl.'s Mot. Ex. A "Plaintiff's Request for Production of Documents," signed by Daniel A. Vespi, Attorney for Plaintiff William Garrett, on August 13, 2012.

In addition, Plaintiff also refers to Defendants' Exhibits H and X–previously offered in support of their Motion for Summary Judgment [ECF Doc. No. 65], which he claims "clearly show[]" "genuine" disputes. *Id.* at 3.

### A.     Standard of Review

Motions for reconsideration filed pursuant to a Court's Local Rules may be construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). Local Rule 7.1 similarly requires the party seeking

---

[2] In *Pitchess v. Superior Court*, 11 Cal.3d 531, 537–38 (1974), the California Supreme Court held that, under certain circumstances, criminal defendants are entitled to discovery of information in a law enforcement officer's personnel file that can assist their defense. Under California law, motions for discovery of police personnel files are generally referred to as *Pitchess* motions.

reconsideration to set out in an affidavit "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown," upon the prior application for relief. S.D. CAL. CIVLR 7.1(i)(1).

Thus, under either FED.R.CIV.P. 59 or Local Rule 7.1, it is clear that "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)). The district court may also decline to consider an issue raised for the first time in a motion for reconsideration. *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir. 1995). In fact, the Ninth Circuit has specifically cautioned that a motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wis. 1993) (Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before judgment issued.'") (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

### B. Plaintiff's Arguments

Plaintiff first seeks reconsideration of this Court's April 3, 2013 Order granting summary judgment for Defendants based on "arguments previously presented," specifically, Magistrate Judge Gallo's denial of his "motions requesting funds for hiring experts," and his "numerous *Pitchess* Motions." Pl.'s Mot. at 2; *Navarro*, 972 F. Supp. at 1299.

On February 10, 2012, Plaintiff filed an ex parte motion for investigative and expert funds pursuant to Cal. Penal Code § 987.9 [ECF Doc. No. 14]. On February 10, 2012, Magistrate Judge Gallo denied Plaintiff's motion, noting that Cal. Penal Code 987.9, which provides for the allocation of "[f]unds for investigators and experts for indigent defendants in capital cases or in cases involving second degree murder following [a] prior prison term for murder," upon a state criminal trial counsel's affidavit that such funds are "reasonable

necessary for the preparation of presentation of the defense" at trial, was "wholly inapplicable" to this civil action. *See* Feb. 10, 2012 Order [ECF Doc. No. 16] at 1-2. On February 17, 2012, Plaintiff filed a Motion for Reconsideration of that decision, which Magistrate Judge Gallo denied based on Plaintiff's failure to offer any "new grounds" upon which to grant Plaintiff relief. *See* Feb. 27, 2012 Order [ECF Doc. No. 22] at 1. Plaintiff's current request for reconsideration fares no better in that he points to no newly discovered evidence, no clear error, and no intervening change in controlling law. *McQuillion* 342 F.3d at 1014.

Magistrate Judge Gallo denied Plaintiff's "*Pitchess*" motion [ECF Doc. No. 21], as well as his Motion to Compel related to the *Pitchess* motion [ECF Doc. No. 31], because Plaintiff failed to meet and confer pursuant to S.D. CAL. CIVLR 26.1(a) and FED.R.CIV.P. 37(a)(1) and (3) prior to seeking court intervention. *See* April 18, 2012 Order [ECF Doc. No. 39] at 1-2. While Plaintiff claims that he is now, and was at the time, proceeding in pro se, and thus, "ignorant of the rules of court," Pl.'s Mot. at 2, Magistrate Judge Gallo's February 27, 2012 Order noted that the Clerk of the Court had previously been directed to mail Plaintiff a copy of the Court's Civil Local Rules, *see* Feb. 27, 2012 Order at 2 (citing ECF Doc. No. 17). Judge Gallo's April 18, 2012 Order further set out the requirement that Plaintiff meet and confer prior to seeking court intervention related to his discovery requests, as well as the circumstances under which a motion to compel might eventually be justified. *Id.* at 2 (citing FED.R.CIV.P. 37(a)(3)(B)(iii)). Thus, because Plaintiff has offered no new evidence and pointed to no law suggesting how or why these decisions were improper, and because even "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987); *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted), this Court finds reconsideration of Magistrate Judge Gallo's February 10, 2012, February 27, 2012, and April 18, 2012 rulings unwarranted. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)
///

(reconsideration is not to be used to simply ask the court to rethink what it has already thought).

Plaintiff next seeks reconsideration based on claims that Defendants failed to provide him with "trial transcripts" containing the testimonies of three doctors and a criminologist, which would have "produce[d] genuine disputable facts" regarding the trajectory of the bullet fired by Defendant Ruiz. (Pl.'s Mot. at 4.) Plaintiff made the same argument, seeking the same discovery, on at least four separate occasions prior to summary judgment. *See* ECF Doc. Nos. 42, 53, 76, 81.

On July 3, 2012, Magistrate Judge Gallo denied Plaintiff's first motion to compel the production of these transcripts on grounds that his request was moot because Defendants "ha[d] already provided, or attempted to provide, Plaintiff with all ... requested discovery," and in fact, that Plaintiff "ha[d] received all the portions of his criminal trial transcript that [they] ha[d] in their possession." *See* July 3, 2012 Order [ECF Doc. No. 50] at 2. Plaintiff's subsequent motion to compel the same was denied for the same reasons again on July 30, 2012 [ECF Doc. No. 56 at 2-3].

Plaintiff thereafter was represented by counsel, who on August 13, 2012, also served a request for production of documents upon Defendants, which also included a demand for "[t]he entirety of the trial transcript from Plaintiff's criminal case that is in YOUR possession." *See* Pl.'s Mot. [ECF Doc. No. 111] at 9, Ex. A ¶ 4.

After Plaintiff's counsel was permitted to withdraw on January 14, 2013, Plaintiff filed a Motion for Injunctive Relief which again included a request that the Court issue an Order compelling Defendants to produce the full jury trial transcript [ECF Doc. No. 76], followed by a Motion for Order for Inspection and Production of Documents [ECF Doc. No. 81], repeating the same demand. Both these Motions were considered despite the fact that they were filed "nearly six months" after the close of fact discovery, but were denied for same reasons as before [ECF Doc. No. 96]. Plaintiff's latest Motion simply requests the production of the same discovery as has been denied, *on grounds that it had already been provided to Plaintiff*, numerous times throughout the course of this litigation; yet he offers

absolutely no new evidence, new law, or circumstances under which yet another reconsideration is warranted. *See Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995) (a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented); *Navarro*, 972 F. Supp. at 1299.

Next, Plaintiff seeks reconsideration because he alleges Defendants failed to provide him with Defendant Ruiz's "internal affairs documents" and "the documents sought show genuine disputable facts of []sadistic and malicious tendencies of abuse under color of authority." Pl.'s Mot. [ECF Doc. No. 111] at 4. First, to the extent these documents may be the same as those sought by Plaintiff by way of his *Pitchess* motion, his Motion is denied for the reasons previously discussed. Second, like his requests for the production of his trial transcripts, the Court finds reconsideration unwarranted because it again appears that Plaintiff's counsel of record propounded the production of "[a]ny and all DOCUMENTS containing information regarding the employment history, criminal history, internal affairs investigation, use of force (excessive or otherwise), and discipline of Defendant Ruiz," on August 13, 2012, while the discovery period remained open, *id.*, at 9 ¶ 5, and because Plaintiff was, indeed, provided with all the "applicable police reports, photographs, and audio" he requested. *See* March 7, 2013 Order [ECF No. 87] at 5.

Finally, Plaintiff seeks reconsideration on grounds that Defendants' Exhibits "H" and "X," "clearly show[] genuine disputed facts." Pl.'s Mot. at 3, 13, 14. Specifically, Plaintiff points to "Exhibit H," an anatomical diagram of a male torso, marked with Plaintiff's Superior Court Criminal Case No SCD235343, and signed by "G. Wagner," the County Medical Examiner who testified at Plaintiff's trial. This exhibit includes a line marked "bullet trajectory" through the upper torso. The same diagram, showing both a frontal and posterior view, was considered by the Court when it was offered by Defendants' in support of their Motion for Summary Judgment in this case [ECF Doc. No. 65-7 at 9-10], and Wagner also attached it to his Declaration in support of Defendants' Motion to corroborate his testimony that the gunshot wound to Plaintiff's right posterior neck and chest was "consistent with a downward trajectory." *See* Defs.' Ex. E in Supp. of Mot. for Summ. J.

[ECF Doc No. 65-7] ¶¶ 3, 4.  The exhibit Plaintiff now attaches to his Motion for Reconsideration marked as "Exhibit X" appears to be either a photocopy of one of the photographs which was also previously offered in support of Defendant Ruiz's Declaration in support of summary judgment, or another similar photograph introduced during his criminal trial depicting the interior courtyard area just outside the burglarized dentist's office where he was shot.  *Cf.* Pl.'s Mot. [ECF Doc. No. 111] at 14 *with* Def. Ruiz's Decl. [ECF Doc. No. 65-3] at 5-6, Exs. 1, 2.

While Plaintiff claims the anatomical drawings contradict Wagner's testimony, and the photograph "clearly shows genuine disputed facts" regarding the "blood splatter trail" and its distance "away from the dentist office door," Pl.'s Mot. at 3, he has still failed to present the Court with any new evidence, law, or argument which not previously considered. *See* FED.R.CIV.P. 59(e); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (finding no abuse of discretion in district court's denial of a motion to reconsider where the plaintiff did not present any new evidence, make additional argument, or provide other reason to justify reconsideration of an order granting summary judgment for the defendants.)  Nor do these exhibits establish summary judgment was based on a "manifest error of law or fact."  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

Thus, for all the reasons set forth above, Plaintiff's Objection to Magistrate Ruling Dismissing Plaintiff's Claim and Request for Reconsideration [ECF Doc. No. 111] must be denied, for neither Federal Rule of Civil Procedure 59(e) nor S.D. CAL. CIVLR 7.1 permit reconsideration merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision.  *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Without more, Plaintiff has failed to show the clear error Rule 59 requires and has failed to identify intervening changes in controlling law which would justify a "substantive change of mind." *McQuillion*, 342 F.3d at 1014; *Tripati*, 845 F.2d at 206, n.1.

///

### III.   Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment FED.R.CIV.P. 56(c) [ECF Doc. No. 111] is hereby DENIED pursuant to FED.R.CIV.P. 59(e) and S.D. CAL. CIVLR 7.1(i)(1).

**IT IS SO ORDERED**.

DATED: June 9, 2013

**HON. IRMA E. GONZALEZ**
United States District Judge